UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ARSHAD ALJAMAILAWI #661202,

              Plaintiff,                                Hon. Janet T. Neff

v.                                            Case No. 1:17-cv-933

DANNY JOHNSON, et al.,

              Defendants.

_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Defendant Keeler's Motion for Summary Judgment</u>. (ECF No. 13).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.

## **BACKGROUND**

The following allegations are contained in Plaintiff's complaint.  (ECF No. 1).   On October 22, 2015, Plaintiff was a passenger, with several other prisoners, on a Michigan Department of Corrections (MDOC) transport bus.   While on the bus, Plaintiff was shackled in leg irons, belly chains, and handcuffs.   During a stop at one particular correctional facility, Corrections Officer Danny Johnson remained on the bus alone with the prisoners.    While waiting for the other correctional officer to return to the bus, Johnson called to the prisoners, "who is back there running their dick suckers?", to which Plaintiff responded, "your wife."    Johnson responded by punching Plaintiff in the face and spraying him with chemical agent.   Plaintiff was transported to the Oaks Correctional Facility (ECF) where the events described below occurred.

-1-

Johnson falsely charged Plaintiff with assault, alleging that Plaintiff initiated the encounter by spitting on him and physically striking him.   Hearings Officer S. Burke and Hearings Investigator Unknown McDonald deprived Plaintiff of an opportunity to review the evidence concerning this claim and, furthermore, deprived him of a meaningful opportunity to be heard. Plaintiff was found guilty of this charge and placed in administrative segregation.   On November 16, 2015, Corrections Officer N. Keeler falsely charged Plaintiff with misconduct for loudly pounding on his window and kicking his cell door.   Keeler undertook this action for unlawful retaliatory purposes. Plaintiff was found not guilty of this charge.

Plaintiff initiated this action against Johnson, Keeler, Burke, and McDonald alleging various state and federal claims.   On November 30, 2017, the Honorable Janet T. Neff dismissed Plaintiff's claims against Defendants Burke and McDonald.   Defendant Keeler now moves to dismiss Plaintiff's claims on the ground that Plaintiff has failed to properly exhaust administrative remedies. Plaintiff has failed to respond to the present motion.

## A.        Summary Judgment Standard

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."   *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible

evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other

than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).   The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561.   Thus, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### B.    Exhaustion Standard

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies.   See Porter v. Nussle, 534 U.S. 516, 524 (2002).   Prisoners are no longer required to demonstrate exhaustion in their complaints.   See Jones v. Bock, 549 U.S. 199, 216 (2007).   Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.   *Id*.   With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).   In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'   The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

-4-

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.   Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration."   Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P.   If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance.  *Id.*   The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V.   The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."   *Id.* at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.  *Id.* at ¶ BB.   If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.  *Id.* at ¶ FF.   The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.*

## C.    Analysis

As noted above, Plaintiff's claims against Defendant Keeler arise from a November 16, 2015 incident at the Oaks Correctional Facility.   Defendant Keeler has presented evidence that Plaintiff submitted only one grievance subsequent to November 16, 2015, concerning events at the

Oaks Correctional Facility.   This particular grievance, however, does not concern Plaintiff's allegations against Defendant Keeler, but instead concerns the events giving rise to Plaintiff's claims against Defendant Johnson.   (ECF No. 14-3 at PageID.94-115).   Accordingly, this grievance does not serve to exhaust Plaintiff's claims against Defendant Keeler.   Plaintiff has failed to respond to the present motion and has, therefore, failed to present evidence creating a factual dispute on the question whether Plaintiff properly exhausted his administrative remedies as to Defendant Keeler. Accordingly, the undersigned recommends that Defendant's Keeler's motion be granted and Plaintiff's claims against Defendant Keeler be dismissed without prejudice for failure to exhaust administrative remedies.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that <u>Defendant Keeler's Motion for Summary Judgment</u>, (ECF No. 13), be **granted**.   The undersigned further recommends that there exists a good faith basis to appeal this matter.   *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: June 29, 2018                                    /s/ Ellen S. Carmody
                                                ELLEN S. CARMODY
                                                U.S. Magistrate Judge